UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| PLAC, INC. | : | |
| Debtor | : | Bankruptcy No. 05-10327F |
| PLAC, INC., and JAMES S. TUPITZA | : | |
| Plaintiffs | : | |
| v. | : | |
| ACCESS NATIONAL SETTLEMENT SERVICES, LLC, MATTHEW FETICK, RYAN PETERSON, and JAMES MITCHELL | : | |
| Defendants | : | Adversary No. 05-0200 |

..............................................

ORDER

..............................................

AND NOW, this 18th day of July, 2005, the debtor having filed a voluntary petition in bankruptcy under chapter 11 on January 6, 2005,

And on April 1, 2005, the debtor filed a notice of removal of prepetition litigation pending in the Chester County Court of Common Pleas, docketed at C.P. No. 04-07618,

And the plaintiffs' amended complaint seeks damages for breach of contract, for specific performance, for declaratory judgment, for promissory estoppel, for unjust enrichment, and for conversion,

And a proceeding is classified as "core" under 28 U.S.C. § 157 "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." In re Marcus Hook Development Park, Inc., 943 F.2d 261, 267 (3d Cir.1991) (quoting Beard v. Braunstein, 914 F.2d 434, 444 (3d Cir.1990) which, in turn, quoted Matter of Wood, 825 F.2d at 97)),

And this proceeding is based solely upon state law, pre-dated the bankruptcy filing, and does not rely upon any bankruptcy law provisions. Thus, it is not a core proceeding. As the outcome of the litigation may conceivably yield proceeds that would be part of the bankruptcy estate, certain claims may be related to this chapter 11 case and so would be classified as non-core claims (at least insofar as the claims of the plaintiff/debtor are concerned),

And while this proceeding therefore may involve non-core claims over which this court would have subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b), this court may not enter a final judgment on the merits without the consent of the parties. 28 U.S.C. § 157(c)(2); see, e.g., In re Allegheny Health Educ. and Research Foundation, 383 F.3d 169, 175 (3d Cir. 2004); Beard v. Braunstein, 914 F.2d 434, 442 n.14 (3d Cir. 1990),

And three defendants stated in their answers that they do not consent to the entry of a final judgment by this bankruptcy court in this proceeding,[1]

In addition, defendants Access National, Mitchell and Peterson all demanded trial by jury in the proceeding,

---

[1] Defendant Fetick denied that the proceeding is a core matter, but did not state whether he consented to the entry of a final judgment in this bankruptcy court.

And this bankruptcy court has no power to preside over a jury trial in a non-core adversary proceeding where no final judgment may be entered. E.g., Beard v. Braunstein, 914 F.2d at 443. Only the district court has such authority,

And thus, as regards the appropriate forum to adjudicate this proceeding, the issue ultimately becomes whether this proceeding should be remanded to the state court for trial by jury or withdrawn by the district court for trial by jury in that forum,

And once an action is removed to the bankruptcy court, it may be remanded to state court pursuant to 28 U.S.C. § 1452(b), e.g., In re Micro Design, Inc., 120 B.R. 363, 366 (E.D. Pa. 1990),

Accordingly, after a status hearing, it is hereby ordered that any motion to remand this proceeding shall be filed and served on or before August 5, 2005. Any opposition to the motion to remand shall be filed and served on or before August 15, 2005. If no such request for remand is timely filed, this court shall recommend to the District Court that the reference in this proceeding be withdrawn pursuant to 28 U.S.C. § 157(d).

_____
BRUCE FOX
United States Bankruptcy Judge

Case 05-00200-bif    Doc 17    Filed 07/18/05    Entered 07/19/05 10:45:22    Desc Main
Document    Page 4 of 4

Copies to:

Robert Mark Bovarnick, Esq.
Law Offices of Robert M. Bovarnick
Two Penn Center Plaza
1500 JFK Blvd., Suite 1310
Philadelphia, PA 19102

Craig L. Weinstock, Esquire
Locke, Liddell & Sapp, LLP
600 Travis
2600 JP Morgan Chase Tower
Houston, TX 77002

Linda J. Casey, Esquire
Pepper Hamilton, LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19130

Joseph J. Dougherty, Esquire
Lyons, Dougherty, Shaffer & Schneider, LLC
6 Ponds Edge Drive, Suite 1
Chadds Ford, PA 19317